1

2

3

4

5

6

7

8

9

10

11

12

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRIAN W.,[1] | No. 2:20-cv-00105-MKD |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 25, 27 |

13    Before the Court are the parties' cross-motions for summary judgment. ECF

14  Nos. 25, 27. The parties consented to proceed before a magistrate judge. ECF No.

15  8. The Court, having reviewed the administrative record and the parties' briefing,

16

17

———————————

18  [1] To protect the privacy of plaintiffs in social security cases, the undersigned

19  identifies them by only their first names and the initial of their last names. *See*

20  LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

motion, ECF No. 25, and grants Defendant's motion, ECF No. 27.

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

On May 31, 2016, Plaintiff applied both for Title II disability insurance

benefits and Title XVI supplemental security income benefits alleging a disability

onset date of February 9, 2016.  Tr. 15, 103, 286-306.  The applications were

denied initially and on reconsideration.  Tr. 159-66, 168-81.  Plaintiff appeared

before an administrative law judge (ALJ) on August 22, 2018, and a supplemental

hearing was held on January 3, 2019 to take vocational expert testimony.  Tr. 40-

86.  On February 12, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-39.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through June 30, 2021, has not engaged in substantial gainful activity since February 9, 2016.  Tr. 18.  At step two, the ALJ found that Plaintiff has the following severe impairments: chronic low back pain, status post microdiscectomy; degenerative disc disease of the cervical spine; labral tear, right shoulder, status post arthroscopic shoulder surgery; obesity; history of polysubstance abuse (methamphetamine, alcohol, cannabis); major depressive disorder; and generalized anxiety disorder.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 19. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] needs the ability to alternate sitting and standing approximately every 60 minutes; bilateral pushing/pulling is occasional, posturals are occasional, except he can never climb ladders, ropes or scaffolds or crawl; overhead reaching is occasional; and he would need to avoid concentrated exposure to industrial vibration and hazards.  From a psychological perspective, [Plaintiff] is able to understand, remember and carry out simple, routine repetitive tasks and instructions; he is able to maintain attention and concentration for 2-hour intervals between regularly scheduled breaks; he must be in a predictable environment with seldom change; he can make simple judgment and decision making; he shall have no fast paced production rate of pace, and there should be no interaction with the public and the job should not be in a public work setting (i.e. work setting out in public environment).

Tr. 20-21.

ORDER - 7

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work. Tr. 29-30. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as inspector and handler, mail clerk, and electrical accessory assembler. Tr. 31. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of February 9, 2016, through the date of the decision. *Id.*

On February 11, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;

2. Whether the ALJ properly evaluated Plaintiff's symptom claims;

3. Whether the ALJ properly evaluated the lay opinion evidence; and

4. Whether the ALJ conducted a proper step-five analysis.

ORDER - 8

ECF No. 25 at 7.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinion of Jason Wright, ARNP.  ECF No. 25 at 10-13.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1513, 416.913 (2013).[2] However, an ALJ is required to consider evidence from non-acceptable medical sources, such as therapists. 20 C.F.R. §§ 404.1513(d), 416.913(d) (2013).[3] An

---

[2] The regulation that defines acceptable medical sources is found at 20 C.F.R. §§ 404.1502, 416.902 for claims filed after March 27, 2017. The Court applies the regulation in effect at the time the claim was filed.

[3] The regulation that requires an ALJ's consider opinions from non-acceptable medical sources is found at 20 C.F.R. §§ 404.1502c, 416.920c for claims filed after

ORDER - 10

ALJ may reject the opinion of a non-acceptable medical source by giving reasons germane to the opinion.[4]  *Ghanim*, 763 F.3d at 1161.

On October 24, 2017, Mr. Wright, a treating advanced registered nurse practitioner, opined Plaintiff: can lift/carry less than 10 pounds; can stand/walk for a total of less than two hours in an eight-hour day; can sit for less than two hours in an eight-hour day; needs to alternate positions from sitting every 15 minutes; needs to alternate positions from standing every 45 minutes; must be able to walk around every 15 minutes for 15 minutes; can use his right upper extremity for handling frequently, never for reaching, and frequently for fingering; can never use his left upper extremity for handling, reaching or fingering; and he can occasionally stoop, twist, crouch, and climb.  Tr. 808-09.  He further opined Plaintiff would be off-task 16 to 25 percent of the time during a workday, he would need to lie down once daily, and he would miss four or more days of work per month.  Tr. 809.  The ALJ gave Mr. Wright's opinion little weight.  Tr. 28.  As Mr. Wright is not an

_____

March 27, 2017.  The Court applies the regulation in effect at the time the claim was filed.

[4] Plaintiff cites to case law applicable to acceptable medical sources, EFC No. 25 at 9-10, however Mr. Wright is not an acceptable medical source, 20 C.F.R. §§ 404.1513(d), 416.913(d) (2013).

ORDER - 11

acceptable medical source, the ALJ was required to give germane reasons to reject

the opinion.  *See Ghanim*, 763 F.3d at 1161.

First, the ALJ found Mr. Wright's opinion was internally inconsistent.  *Id.*

Relevant factors to evaluating any medical opinion include the amount of relevant

evidence that supports the opinion, the quality of the explanation provided in the

opinion, and the consistency of the medical opinion with the record as a whole.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495

F.3d 625, 631 (9th Cir. 2007).  Moreover, a physician's opinion may be rejected if

it is unsupported by the physician's treatment notes.  *See Connett v. Barnhart*, 340

F.3d 871, 875 (9th Cir. 2003).  The ALJ found Mr. Wright's opinion is internally

inconsistent and inconsistent with Plaintiff's own testimony, and found Mr. Wright

did not provide support for the left upper extremity limitations.  Tr. 28.  While Mr.

Wright's opinion indicates Plaintiff has greater limitations in his left upper

extremity than his right, Plaintiff reported the opinion was wrong, as his primary

source of pain is his right arm.  Tr. 28, 65.  The medical records demonstrate

Plaintiff sought treatment, including surgery, on his right shoulder, rather than his

left shoulder.  Tr. 27-28.  Mr. Wright did not provide any explanation for his

opinion that Plaintiff has greater limitations in his left arm than his right arm.

While Plaintiff argues Mr. Wright inadvertently wrote right arm when he intended

ORDER - 12

1    to write left, and thus there is no inconsistency in the opinion, there is no reasoning

2    from Mr. Wright.  This was a germane reason to reject Mr. Wright's opinion.

3         Second, the ALJ found Mr. Wright's opinion failed to cite to objective

4    medical evidence to support the limitations.  Tr. 28.  Relevant factors to evaluating

5    any medical opinion include the amount of relevant evidence that supports the

6    opinion, the quality of the explanation provided in the opinion, and the consistency

7    of the medical opinion with the record as a whole.  *Lingenfelter*, 504 F.3d at 1042;

8    *Orn*, 495 F.3d at 631.  Therefore, a medical opinion may be rejected by the ALJ if

9    it is inadequately supported by medical findings.  *Bray*, 554 F.3d at 1228.  The

10   ALJ noted Mr. Wright opined Plaintiff had limitations in his left upper extremity,

11   but did not provide any evidence to support the opinion.  Tr. 28.  Mr. Wright also

12   listed findings including neck and back pain, rather than objective evidence to

13   support his opinion.  *Id.*  Plaintiff argues Mr. Wright's treatment records provide

14   objective evidence to support his opinion.  ECF No. 25 at 11-12.  While Plaintiff

15   cites to multiple abnormalities found on examinations, neither Mr. Wright's

16   records nor the other medical records are consistent with the significant limitations

17   contained in Mr. Wright's opinion.  Plaintiff points to a February 2016

18   appointment where Plaintiff had abnormal sensation and pain in his lumbar spine,

19   Tr. 534-35, but in April 2016, Plaintiff had a normal physical examination, Tr.

20   442-43.  Plaintiff argues the imaging supports Mr. Wright's opinion, but the

1  cervical and lumbar imaging showed generally mild findings, with only the lumbar

2  MRI indicating some moderate results.  Tr. 430-32, 546, 548-49.  In May 2016,

3  Plaintiff was in no acute distress, had no neurologic complaints, and while he was

4  anxious and hyperactive, he had normal insight, judgment, orientation, speech,

5  cognition, and memory, Tr. 530-32, and Plaintiff has reported improvement in his

6  irritability, depression, and anxiety with medication, Tr. 25 (citing Tr. 954).  In

7  June 2016, while Plaintiff had an abnormal lumbar MRI, he had a nontender spine,

8  normal range of motion, normal strength, normal reflexes, normal gait, and normal

9  sensation.  Tr. 454-55.  While Plaintiff points to a positive straight leg test,

10 Plaintiff had negative straight leg tests on other occasions.  *See, e.g.,* Tr. 500, 505.

11 The ALJ noted multiple occasions during which Plaintiff had normal strength, and

12 normal gait and station, Tr. 23-25.  This was a germane reason to reject the

13 opinion.

14        Third, the ALJ found Mr. Wright rendered his opinion prior to Plaintiff's

15 surgery and resulting improvement.  Tr. 28.  A medical opinion may be rejected if

16 it is unsupported by medical findings.  *Bray*, 554 F.3d at 1228; *Batson v. Comm'r*

17 *of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278

18 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.

19 2001); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  Further, evidence

20 of improvement with treatment is a relevant consideration.  *See Warre v. Comm'r*

ORDER - 14

1  *of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*,

2  533 F.3d 1035, 1040 (9th Cir. 2008).  Mr. Wright rendered his opinion in October

3  2017, but Plaintiff underwent a January 2018 right shoulder surgery, and Plaintiff

4  was doing well in April 2018, no longer taking pain medication, had progressed

5  with strengthening and range of motion, and denied numbness or tingling.  Tr. 25,

6  28 (citing Tr. 942).  Plaintiff was released to progress to his usual activities, and no

7  restrictions were placed on his range of motion or strength.  Tr. 942.  Plaintiff

8  reported some continued shoulder pain in July 2018,  and he had some limitations

9  in his range of motion, but he had normal strength, and negative neer impingement

10  sign, empty can, cross arm adduction pain, and O'Brien's tests.  Tr. 25, 945.  This

11  was a germane reason to reject the opinion.

12      Lastly, the ALJ found Mr. Wright's opinion was inconsistent with the

13  opinion of Plaintiff's treating surgeon, Dr. Shah.  Tr. 28.  An ALJ may choose to

14  give more weight to an opinion that is more consistent with the evidence in the

15  record.  20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("[T]he more consistent a

16  medical opinion is with the record as a whole, the more weight we will give to that

17  medical opinion."); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

18  Relevant factors when evaluating a medical opinion include the amount of relevant

19  evidence that supports the opinion, the quality of the explanation provided in the

20  opinion, and the consistency of the medical opinion with the record as a whole.

1  *Lingenfelter*, 504 F.3d at 1042; *Orn*, 495 F.3d at 631; 20 C.F.R. §§ 404.1527(c)(4),

2  416.927(c)(6) (assessing the extent to which a medical source is "familiar with the

3  other information in [the claimant's] case record").

4       On January 19, 2017, Dr. Shah opined, "from a back standpoint he is doing

5  well and does not have further restrictions.  I'll prescribe him physical therapy to

6  help with building his strength as well as to help with his issues in his neck . . ."

7  Tr. 28, 719.  Dr. Shah noted Plaintiff had pain, but had full strength with no focal

8  sensory deficits and he had a well-healed incision.  Tr. 719.  Dr. Shah referred

9  Plaintiff to physiatry for additional workup and potential nonsurgical interventions

10  for his symptoms, but found there was no further follow-up needed for the surgical

11  intervention.  *Id.*  Plaintiff argues his back impairment worsened after Dr. Shah

12  rendered his opinion and thus the ALJ erred in rejecting Mr. Wright's opinion as

13  inconsistent with Dr. Shah's opinion.  ECF No. 25 at 12, ECF No. 28 at 6.  While

14  Plaintiff points to some abnormalities in the medical records, there are also many

15  normal findings from the time Dr. Shah rendered his opinion onward; Plaintiff had

16  full or nearly full motor strength in his upper extremities, intact sensation in the

17  cervical spine, and reduced range of motion but no focal tenderness in the cervical

18  spine.  Tr. 24 (citing Tr. 772); Tr. 1035.  At multiple examinations, Plaintiff had

19  generally normal motor strength in his lower extremities, negative straight leg

20  raises, and a normal gait, and he reported walking his dog several times per day for

ORDER - 16

10 to 15 minutes each time, although Plaintiff intermittently had pain/tenderness, decreased sensation, and use of a cane. Tr. 23-24, 953, 972, 1005, 1102, 1131. In 2017 and 2018, Plaintiff reported improvement in his symptoms with injections. Tr. 1040. In November 2018, Plaintiff reported ongoing pain in his lower right extremity, but also reported medications were working well for him and allow him to do his activities of daily living with no adverse effects. Tr. 1034. This was another germane reason to reject the opinion. The ALJ did not err in assessing the medical evidence.

**B. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 25 at 13-17. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has

1    alleged; [the claimant] need only show that it could reasonably have caused some

2    degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

3        Second, "[i]f the claimant meets the first test and there is no evidence of

4    malingering, the ALJ can only reject the claimant's testimony about the severity of

5    the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

6    rejection." *Ghanim*, 763 F.3d at 1163 (citations omitted).  General findings are

7    insufficient; rather, the ALJ must identify what symptom claims are being

8    discounted and what evidence undermines these claims.  *Id*. (quoting *Lester*, 81

9    F.3d at 834; *Thomas*, 278 F.3d at 958 (requiring the ALJ to sufficiently explain

10   why it discounted claimant's symptom claims)).  "The clear and convincing

11   [evidence] standard is the most demanding required in Social Security cases."

12   *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r*

13   *of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

14       Factors to be considered in evaluating the intensity, persistence, and limiting

15   effects of a claimant's symptoms include: 1) daily activities; 2) the location,

16   duration, frequency, and intensity of pain or other symptoms; 3) factors that

17   precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

18   side effects of any medication an individual takes or has taken to alleviate pain or

19   other symptoms; 5) treatment, other than medication, an individual receives or has

20   received for relief of pain or other symptoms; 6) any measures other than treatment

ORDER - 18

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

statements concerning the intensity, persistence, and limiting effects of his

symptoms were not entirely consistent with the evidence.  Tr. 26.

*1. Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the

objective medical evidence.  Tr. 26-27.  An ALJ may not discredit a claimant's

symptom testimony and deny benefits solely because the degree of the symptoms

alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400

F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a

relevant factor, along with the medical source's information about the claimant's

pain or other symptoms, in determining the severity of a claimant's symptoms and

1   their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2),

2   416.929(c)(2).

3       The ALJ found the objective evidence is inconsistent with Plaintiff's

4   physical symptom claims.  Tr. 26-27.  While Plaintiff alleges disabling limitations

5   due to his spinal impairments, the ALJ noted Plaintiff had normal examination

6   findings on multiple occasions, including normal range of motion, full strength,

7   normal nerve testing, normal reflexes and sensation, and a normal gait.  Tr. 26

8   (citing Tr. 455, 566).  While Plaintiff alleges he needs a cane for ambulation, the

9   ALJ noted a cane was never prescribed and does not appear medically necessary.

10  Tr. 26.  In August 2016, both Plaintiff and his wife noted that Plaintiff did not use

11  a cane, Tr. 347, 355, although Plaintiff later began appearing at some appointments

12  with a cane.  There are numerous appointments where Plaintiff ambulated

13  normally with no mention of a cane.  *See, e.g.,* Tr. 507, 529, 539, 637, 700.

14  Despite some pain and tenderness in his knee and hip, Plaintiff generally had

15  normal range of motion, and no crepitus or other abnormalities on examination.

16  *Id.* (citing Tr. 700, 976).  The ALJ also noted the medical records demonstrated

17  improvement in Plaintiff's upper extremity symptoms with surgery.  Tr. 27 (citing

18  Tr. 942).  While Plaintiff offers an alternative interpretation of the evidence, ECF

19  No. 25 at 14, ECF No. 28 at 7-8, the ALJ's finding is supported by substantial

20  evidence.

1    Regarding his mental functioning, the ALJ found the objective evidence is

2    inconsistent with Plaintiff's claims.  Tr. 26-28.  Plaintiff had normal orientation,

3    memory, attention, concentration, and fund of knowledge.  Tr. 26 (citing Tr. 455,

4    566).  Plaintiff was noted on multiple occasions as being alert, interactive,

5    pleasant, cooperative, and in no distress.  Tr. 27 (citing Tr. 1141, 1184).  The ALJ

6    noted the psychological consultative examination demonstrated Plaintiff had a

7    normal memory, attention, concentration, intellectual ability, executive

8    functioning, and ability to follow multistep tasks.  Tr. 19-20 (citing Tr. 711-17).

9    While Plaintiff again offers an alternative interpretation of the evidence, ECF No.

10    25 at 14, ECF No. 25 at 8-9, the ALJ's finding is supported by substantial

11    evidence.

12    On this record, the ALJ reasonably concluded that the objective medical

13    evidence is not consistent with Plaintiff's complaints of disabling symptoms.  This

14    finding is supported by substantial evidence and was a clear and convincing

15    reason, along with the other reason offered, to discount Plaintiff's symptom

16    complaints.

17    *2.  Inconsistent Statements*

18    The ALJ found Plaintiff made inconsistent statements about his symptoms,

19    limitations, and substance use.  Tr. 26-27.  In evaluating a claimant's symptom

20    claims, an ALJ may consider the consistency of an individual's own statements

ORDER - 21

1  made in connection with the disability-review process with any other existing

2  statements or conduct under other circumstances.  *Smolen v. Chater*, 80 F.3d 1273,

3  1284 (9th Cir. 1996) (The ALJ may consider "ordinary techniques of credibility

4  evaluation," such as reputation for lying, prior inconsistent statements concerning

5  symptoms, and other testimony that "appears less than candid.").

6        The ALJ found Plaintiff made multiple inconsistent statements through the

7  relevant period.  Tr. 26-27.  While Plaintiff testified he stopped working in 2016

8  due to his back pain in February 2016, Plaintiff reported riding his bike for two

9  hours without increased back pain in July 2016.  Tr. 26 (citing Tr. 744).  Plaintiff

10  also reported to a medical provider that he had stopped working due to his back

11  pain and his alcohol use making him sick at work.  Tr. 534.  While Plaintiff alleges

12  he had worsening symptoms after his surgery, he reported to his surgeon he was

13  doing much better after his surgery.  Tr. 26.  Despite allegations of disabling upper

14  extremity limitations, Plaintiff reported he could handle his own cooking, cleaning,

15  laundry, and personal care.  Tr. 27 (citing Tr. 711-17).  Plaintiff also made

16  inconsistent statements about his drug use, including denying any drug use on

17  multiple occasions, despite admitting continued marijuana use other times.  Tr. 27

18  (citing, e.g., Tr. 460, 717).  Plaintiff also reported he had been sober since April

19  2016, although records indicate Plaintiff continued to drink alcohol.  Tr. 27 (citing

20  Tr. 672, 717).  Plaintiff concedes there may have been inconsistencies in the

ORDER - 22

records, but argues any inconsistencies were minor and not a reason to reject

Plaintiff's claims, as the inconsistencies may be explained by Plaintiff's varying

symptoms and poor memory.  ECF No. 25 at 14-15, ECF No. 28 at 8.

On this record, the ALJ reasonably concluded that Plaintiff offered

inconsistent statements.  This finding is supported by substantial evidence and was

a clear and convincing reason to discount Plaintiff's symptom complaints.

Plaintiff is not entitled to remand on these grounds.

**C. Lay Opinion Evidence**

Plaintiff challenges the ALJ's consideration of the lay witness statement of

Plaintiff's wife, Nikki W.  ECF No. 25 at 16-17.  An ALJ must consider the

statement of lay witnesses in determining whether a claimant is disabled.  *Stout,*

454 F.3d at 1053.  Lay witness evidence cannot establish the existence of

medically determinable impairments, but lay witness evidence is "competent

evidence" as to "how an impairment affects [a claimant's] ability to work."  *Id*.; 20

C.F.R. §§ 404.1513, 416.913; *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th

Cir. 1993) ("[F]riends and family members in a position to observe a claimant's

symptoms and daily activities are competent to testify as to her condition.").  If a

ORDER - 23

1  lay witness statement is rejected, the ALJ "'must give reasons that are germane to

2  each witness.'"  *Nguyen*, 100 F.3d at 1467 (citing *Dodrill*, 12 F.3d at 919).

3          Ms. W. stated Plaintiff is generally in constant pain, though he has some

4  good days, and while he helps around the home some, he rests sometimes for hours

5  between tasks, he attends meetings/groups once or twice per day four days per

6  week, helps care for animals, he can handle his personal care with some assistance,

7  he prepares meals once every one to two weeks, he can drive but has to take breaks

8  if the drive is too long, he is able to read and watch television and is interested in

9  planting flowers, fishing, football and other outdoor activities, he has some

10  difficulties at times getting along with others, needs frequent breaks when walking,

11  and he has difficulties with lifting, squatting, bending, standing, reaching, walking,

12  sitting, kneeling, climbing stairs, seeing, completing tasks, understanding,

13  following instructions, concentrating, and memory.  Tr. 341-48.  The ALJ gave

14  little weight to Ms. W.'s statement.  Tr. 29.

15          The ALJ found Ms. W.'s statement is similar to Plaintiff's own symptom

16  claims, and therefore gave Ms. W.'s statement little weight for the same reasons

17  she found Plaintiff's claims were inconsistent with the record.  *Id.*  Where the ALJ

18  gives clear and convincing reasons to reject a claimant's testimony, and where a

19  lay witness's testimony is similar to the claimant's subjective complaints, the

20  reasons given to reject the claimant's testimony are also germane reasons to reject

the lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009); *see also Molina*, 674 F.3d at 1114 ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness"). As the Court finds the ALJ gave clear and convincing reasons to reject Plaintiff's symptom claims, the ALJ also gave germane reasons to reject the lay witness testimony. Plaintiff is not entitled to remand on these grounds.

**D. Step-Five**

Plaintiff argues the ALJ erred at step five. ECF No. 25 at 17-18. At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen*, 100 F.3d at 1467. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflects all of the claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101.

ORDER - 25

1    The hypothetical that ultimately serves as the basis for the ALJ's

2    determination, i.e., the hypothetical that is predicated on the ALJ's final RFC

3    assessment, must account for all the limitations and restrictions of the claimant.

4    *Bray*, 554 F.3d at 1228.  As discussed above, the ALJ's RFC need only include

5    those limitations found credible and supported by substantial evidence.  *Bayliss*,

6    427 F.3d at 1217 ("The hypothetical that the ALJ posed to the VE contained all of

7    the limitations that the ALJ found credible and supported by substantial evidence

8    in the record.").  "If an ALJ's hypothetical does not reflect all of the claimant's

9    limitations, then the expert's testimony has no evidentiary value to support a

10   finding that the claimant can perform jobs in the national economy." *Id*.  However,

11   the ALJ "is free to accept or reject restrictions in a hypothetical question that are

12   not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973

13   (9th Cir. 2006).  Therefore, the ALJ is not bound to accept as true the restrictions

14   presented in a hypothetical question propounded by a claimant's counsel if they are

15   not supported by substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756-

16   57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  A

17   claimant fails to establish that a step five determination is flawed by simply

18   restating argument that the ALJ improperly discounted certain evidence, when the

19   record demonstrates the evidence was properly rejected. *Stubbs-Danielson v.*

20   *Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2006).

ORDER - 26

1    Plaintiff's argument is based entirely on the assumption that the ALJ erred in

2 considering the opinion evidence and Plaintiff's symptom claims.  For the reasons

3 discussed throughout this decision, the ALJ's consideration of Plaintiff's symptom

4 claims and consideration of the lay and medical opinion evidence are legally

5 sufficient and supported by substantial evidence.  Thus, the ALJ did not err in

6 assessing the RFC or finding Plaintiff capable of performing work existing in the

7 national economy.

8                                                    **CONCLUSION**

9    Having reviewed the record and the ALJ's findings, the Court concludes the

10 ALJ's decision is supported by substantial evidence and free of harmful legal error.

11 Accordingly, **IT IS HEREBY ORDERED**:

12    1. Plaintiff's Motion for Summary Judgment, **ECF No. 25**, is **DENIED**.

13    2. Defendant's Motion for Summary Judgment, **ECF No. 27**, is

14 **GRANTED**.

15    3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

16    The District Court Executive is directed to file this Order, provide copies to

17 counsel, and **CLOSE THE FILE.**

18    DATED February 22, 2021.

19                                    *s/Mary K. Dimke*
                                      MARY K. DIMKE
20                           UNITED STATES MAGISTRATE JUDGE

ORDER - 27